No. 98,843

In the Matter of JAN P. HELDER, JR., *Respondent*.

(165 P.3d 1050)

In a letter dated August 12, 2007, to the Clerk of the Appellate Courts, respondent Jan P. Helder, Jr., an attorney admitted to the practice of law in the state of Kansas, voluntarily surrendered his license to practice law in Kansas, pursuant to Supreme Court Rule 217 (2006 Kan. Ct. R. Annot. 308).

At the time the respondent surrendered his license, a formal hearing had been held in accordance with Supreme Court Rule 211 (2006 Kan. Ct. R. Annot. 284), and a final hearing report had been issued on May 21, 2007. The hearing panel found respondent violated KRPC 8.4(b) (2006 Kan. Ct. R. Annot. 510) by committing a criminal act that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer. Respondent had been convicted, pursuant to 18 U.S.C. § 2422(b) (2000), of the felony offense of using the Internet to attempt to entice a minor to engage in illegal sexual activity and was sentenced to 60 months' imprisonment in a federal penitentiary. Respondent also entered a guilty plea in Missouri state court to one count of enticing a child for sexual conduct and was sentenced to serve 5 years, concurrent with the federal sentence. The hearing panel unanimously recommended that respondent be disbarred and, pursuant to Supreme Court Rule 212 (2006 Kan. Ct. R. Annot. 295), the disciplinary case had been docketed for oral argument before the Supreme Court.

This court, having examined the files of the office of the Disciplinary Administrator, finds that the surrender of the respondent's license should be accepted and that the respondent should be disbarred.

IT IS THEREFORE ORDERED that Jan P. Helder, Jr., be and he is hereby disbarred from the practice of law in Kansas, and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Jan P. Helder, Jr., from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to the respondent, and that the respondent forthwith shall comply with Supreme Court Rule 218 (2006 Kan. Ct. R. Annot. 314).

DATED this 24th day of August, 2007.